UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Markey Blake, | ) C/A No. 4:13-1498-CMC-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Detective Alex Edwards;<br>Capt. Wineglass, and<br>Solicitor, Mr. Brown, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Markey Blake ("Plaintiff") is confined at the Florence County Detention Center, awaiting trial on a pending state burglary charge. He also has a burglary charge pending against him in the Williamsburg County court system. Plaintiff was arrested with the use of arrest warrants on both the Williamsburg and Florence charges. ECF No. 1 (Compl. Attach. B). He does not contest the facial validity of those warrants.

Plaintiff alleges that Defendant Edwards, an arresting police officer, has a "personal vendetta" against him and is trying to pin burglaries in Williamsburg and Florence County on him

using evidence and/or information that was obtained from an allegedly unconstitutional search of Plaintiff's personal belongings and the seizure of his cell phone while Plaintiff was confined at the Georgetown County Detention Center. Captain Wineglass allegedly permitted the search and seizure of the property by Edwards, thus contributing and assisting in the constitutional violations. According to the Plaintiff, Assistant Solicitor Mr. Brown is violating his constitutional rights by not dismissing the charges pending against him because Plaintiff alleges innocence of the Williamsburg burglary and no knowledge of the Florence County one. He asserts an alibi to the Williamsburg charge and seeks injunctive relief (dismissal of the pending charges) and damages (compensatory, nominal, punitive) for the alleged Fourth and Fourteenth Amendment violations.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Amended Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630,

630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Amended Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff's Complaint is subject to summary dismissal because this court will not interfere with an on-going state criminal prosecution and cannot force state prosecutors to dismiss pending state criminal charges, and because the Complaint was filed prematurely. Insofar as Plaintiff asks this court to award damages or other relief to him based on allegedly unconstitutional activity on the part of the arresting police officer, the Georgetown County officer who permitted the search and seizure, or the Assistant Solicitor assigned to Plaintiff's Williamsburg County case in connection with the ongoing state criminal prosecution against him based on the pending charges (the alleged malicious prosecution), the Complaint is barred by the "favorable termination rule" applicable to Fourth Amendment-based claims such as those raised by Plaintiff questioning the constitutionality of his continued confinement on the pending burglary charges. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 183 (4th Cir. 1996). Pursuant to that rule, any and all civil rights actions based on the pending burglary prosecution and/or any burglary convictions that might result in the future will be barred until the pending charges are set aside through full pre-trial dismissal in Plaintiff's favor, an acquittal after trial, or, if convicted, by way of appeal, PCR, habeas, or otherwise, or, in other words: until all pending criminal charges are finally dismissed in the Plaintiff's (the defendant in the criminal court) favor. *Brooks*, 85 F.3d at 183; *see Heck v. Humphrey*, 512 U.S. 477 (1994).

*Heck*'s requirement that convictions be set aside or charges finally dismissed before a § 1983 based on allegedly unlawful circumstances surrounding a criminal prosecution may be pursued is a "favorable termination" rule as required for state-law-based malicious prosecution claims. Under applicable law, if a conviction is not actually obtained on the disputed charge or charges, the favorable termination rule requires that the prosecution of this criminal charges on which an alleged constitutional-violation claim is based be terminated "for reasons indicative of the innocence" of the criminal defendant (the civil plaintiff). *Restatement (Second) of Torts* § 660 (1977). Although Plaintiff asserts that he is innocent of the pending state charges, until they have been finally dismissed in his favor; or until he is tried on them and found innocent; or, if convicted, until he has such conviction overturned, Plaintiff cannot carry his burden of proving that the state charges were terminated in his favor so as to avoid the *Heck v. Humphrey* bar to his § 1983 claims against the Defendants. *See Restatement of Torts (Second)* § 672 (1977)(plaintiff in a malicious prosecution case has burden of proving favorable termination); *see also Lambert v. Williams*, 223 F.3d 257, 260-261 (4th Cir. 2000)(claim for malicious prosecution (a § 1983 Fourth Amendment violation claim) requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff); *Brooks*, 85 F.3d at 183(same).

Plaintiff's allegations about a "vendetta" against him by Detective Edwards and, essentially, a conspiracy among the detective, the Georgetown County corrections official, and Assistant Solicitor Brown to improperly charge and refuse to dismiss the state criminal charges, if true, would invalidate any convictions that he might later receive on the pending burglary charges. Thus, *Heck* and *Brooks* are applicable to the facts alleged in this case, and to proceed with his damage claims,

Plaintiff must be able prove that all of the criminal charges arising from the disputed arrest were terminated in his favor due to his innocence of the charged conduct. Because Plaintiff has not and cannot prove that the charges have been favorably terminated, the damages aspect of this case is subject to summary dismissal as to all Defendants without issuance of service of process.

Moreover, Assistant Solicitor Brown has additional protection from Plaintiff request for damages under the Doctrine of Prosecutorial Immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore. June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).

Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's allegations about the harm allegedly caused by Brown's refusal to dismiss the pending charges even when presented with Plaintiff's evidence of innocence go directly to Brown's clearly prosecutorial decisions about when to prosecute and whether to even go forward with a

prosecution. *Springmen*; *Lyles*.

Finally, Plaintiff's Complaint is also barred insofar as it asks this court to order the state court and/or officials to dismiss the pending state charges in order to release him from his current incarceration and prevent the need for a trial. To enter and enforce such an order would require this federal court to become involved in and to interfere with a state criminal prosecution: activities which are barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). There are no "extraordinary circumstances" presented in Plaintiff's pleadings.

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Cir. Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state

court proceedings in an appellate sense); *Gurley v. Superior Ct. Mecklenburg Cnty.*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same). Plaintiff is not foreclosed from raising what appear to be primarily Fourth Amendment/malicious prosecution-type or unreasonable search and seizure claims and having them ruled on by the presiding state court judge in his on-going state criminal prosecution. This court cannot remove the authority to rule on such objections from the judge who is actually in control on Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff seeks: dismissal of pending state criminal charges, this court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.

Moreover, to the extent that Plaintiff's requested relief could only be granted through a direct order from this court to Assistant Solicitor Brown to dismiss pending charges, Plaintiff seeks mandamus relief against a state official or employee. *See Black's Law Dictionary* (8th ed. 2004) (mandamus:"A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly."). Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264

7

F.3d 730, 731 (7th Cir. 2001)(same; collecting cases); *In re Carr*, 803 F.2d 1180, 1180 (4th Cir. 1986)(unpublished opinion)(same). Because this court is without jurisdiction to issue a writ of mandamus to a state official such as Assistant Solicitor Brown, it cannot order him to dismiss the pending charges. Under *Younger*, no such interference with a pending state prosecution is appropriate.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

June 18, 2013
Florence, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).