IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Markey Blake, | ) | C/A NO. 4:13-1498-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Detective Alex Edwards; Capt. Wineglass, | ) | |
| and Solicitor, Mr. Brown, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On June 18, 2013, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on July 2, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court concludes that the Report should be rejected in part and adopted in part. Specifically, the court determines that the Report's discussion on pages 3 through 5 of the Report relating to "favorable termination" and *Heck v. Humphrey*, 512 U.S. 477 (1997), is inapplicable in this matter. However, the court agrees with the Report's analysis and conclusion relating to Defendant "Solicitor, Mr. Brown."[1] Accordingly, Defendant "Solicitor, Mr. Brown" is dismissed from this action without prejudice and without issuance and service of process.

Plaintiff specifically contends that his allegations relate to Defendant Edwards' alleged unconstitutional seizure and search of his (Plaintiff's) cellular telephone, which (Plaintiff alleges) occurred before he was being investigated for his alleged participation in the burglaries at issue. Plaintiff specifically indicates that this civil action is "not on" the pending burglary prosecution; rather, he contends the unconstitutional actions preceded the prosecution. Obj. at 4.

Fourth Amendment claims for unlawful searches accrue at the time of (or termination of) the violation. *Wallace v. Kato*, 549 U.S. 384 (2007). Even if no conviction could have been obtained in the absence of the violation, "the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008).

---

[1] In his objections, Plaintiff moves to dismiss this Defendant. Obj. at 3 (ECF No. 15).

In *Heck*, the Supreme Court held that a plaintiff could not bring a § 1983 action if a favorable judgment "would necessarily imply the invalidity of his conviction or sentence; if [so], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by executive order, reversal on direct appeal, or writ of habeas corpus. 512 U.S. at 487. Therefore, the specific question is whether success in a § 1983 suit would "negate an element of the offense." *Id*. at 486 n.6. The *Heck* bar exists because the Court's respect for "finality and consistency" precludes a prisoner's use of § 1983 to collaterally attack an outstanding conviction. *Id*. at 486.

The rule in *Heck*, however, does not apply in the pre-conviction context, where criminal charges are still pending, as is the case here. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007). The United States Supreme Court declined to so extend *Heck* because to do so would require the court to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict." *Id*.

Instead, the Supreme Court stated that it is "common practice" for the district court to stay the matter, within its discretion:

> If a plaintiff files a [illegal search] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. [*Heck*, 514 U.S.] at 487-488, n.8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

3

*Id*. The Court in *Wallace* also held that the statute of limitations on any claims Plaintiff may have for unlawful seizure is not tolled during the pendency of the criminal proceedings. *Id*. at 397. "We hold that the statute of limitations upon a § 1983 claim seeking damages for a [claim of unlawful seizure] in violation of the Fourth Amendment, . . . begins to run at the time" of the seizure. *Id*. Accordingly, a plaintiff may lose any cause of action he might have if the court were simply to dismiss the case until such time as the state criminal proceeding is terminated.

Plaintiff's allegations in support of his claim are related to issues that will likely be ruled upon in the state court proceedings. Therefore, based on the guidance set forth by the *Wallace* Court, this case, as to Defendants Edwards and Wineglass, is stayed pending resolution of Plaintiff's criminal charges. Plaintiff shall apprise the court of the status of the criminal proceedings every six (6) months and notify the court when the criminal charges are resolved and the stay can be lifted. A failure to file the requisite status report may result in dismissal of this present action with prejudice or other sanctions as may be appropriate. This matter is returned to the Magistrate Judge for further proceedings, including monitoring the progress of the underlying criminal matters.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 11, 2013

4